Dissenting Opinions.
Egan, J.
In my opinion it is well and properly settled that a writ of sequestration will not lie. to seize-and take any property or thing at the time in custodiam legis, or on file or deposited for use in a suit in another court. The fact that it was not necessary under the law for Courege to file the notes in controversy with the justice does not al *78 ter tlie case, as whether necessary or not he did.so file them- as the basis of the several suits and they were in the lawful custody of the justice and could not be taken therefrom by the sheriff under the sequestration in this case, which would have been ineffective without so taking- them. It is true that the notes might have been ■ withdrawn by Courege with leave of the court, but not otherwise, whether filed in that or any other court. It is, however, not the practice or the law that the plaintiff who has filed a private or other writing in any court can take it from the records without leave, and so long as we recognize the jurisdiction of courts, whether justices’ or others, it would be subversive of all law and propriety to permit the process or orders of another court or its officers to disturb the lawful custody of any paper or thing in its keeping. It is not pretended that within the bounds of their authority or jurisdiction the fact that justices’ courts are not courts of record makes any difference in this respect, or that there is'any reason why they should not be respected within the scope of their jurisdiction and authority. I therefore think the sequestration was both illegal and unnecessary, and that the proper remedy was injunction operating directly upon the defendant Courege and directed to him. I do not think that the constitution or the law gives any man a right to sue on the note, or to recover the debt or property of another, who may therefore at any time on proper allegations and proof obtain and maintain an injunction from any court of competent jurisdiction to restrain the defendant from either suing, prosecuting suit upon, or in any other manner using or controlling promissory notes claimed to belong to the plaintiff in injunction, and from collecting and reducing into possession by suit or otherwise the debt evidenced by the note. This was the view taken by us in the case of Brown vs. Brown, decided .at this term, 30 A. I therefore dissent from the decree in this case maintaining the sequestration. On the other branch of the case, the injunction should be maintained as against the defendant personally, not only to the extent decreed, but to the full extent of preventing his making any use whatever of the notes in controversy or interfering with or using them in any manner and for any purpose, whether by suit or otherwise.